

FILED

02/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0073

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0073

STATE OF MONTANA,

Plaintiff and Appellee,

v.

TIMOTHY GENE QUIGG,

Defendant and Appellant.

FILED

FEB 1 4 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Timothy Gene Quigg has filed a verified Petition for an Out-of-Time Appeal, and he moves for appointment of counsel.

Quigg explains that he discussed filing a timely appeal with his attorney, but that his attorney did not file an appeal. He adds that his counsel told him to pursue sentence review. He states then that he was unaware that he could appeal his sentence. Quigg references a cause number, DC-18-1264, from the Yellowstone County District Court.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

This Court is familiar with Quigg's history. On December 21, 2018, the District Court accepted Quigg's guilty plea to operation of a noncommercial vehicle with an alcohol concentration of 0.08 or more and sentenced Quigg to the Department of Corrections for a five-year term on January 2, 2019. The court ran his sentence consecutively to another sentence, imposed in a different case, for a similar conviction.

In December 2022, we denied Quigg's petition for habeas corpus relief concerning his two 2018 convictions, where he argued that his blood was illegally drawn. *Quigg v. Salmonsen*, Cause No. OP 22-0673, Order at 1 (Mont. Dec. 13, 2022) (*Quigg III*). We stated then that:

Quigg's instant challenge goes to his convictions.  Thus, habeas corpus is the wrong remedy for relief.  Quigg could have raised such issue several years ago in an appeal, but he did not do so, thereby precluding him from raising such challenge now.  Section 46-22-101(2), MCA.

*Quigg III*, at 1.  Quigg is time-barred to appeal his conviction and sentence.  More than four years later, he cannot now seek an appeal.  He has not demonstrated extraordinary circumstances, amounting to a gross miscarriage of justice.  M. R. App. P. 4(6).  Therefore,

IT IS ORDERED that:

1.  Quigg's Petition for an Out-of-Time Appeal is DENIED;

2.  Quigg's Motion for Appointment of Counsel is DENIED, as moot; and

3.   this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record, along with a copy of his Petition; to Victoria Callender, Yellowstone County Attorney's Office, and to Timothy Gene Quigg personally.

DATED this 14th day of February, 2023.

_____

_____

_____

_____

_____
Justices

2